UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:25-cv-01248-EPG<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br><br>(ECF No. 7) |

**I.      INTRODUCTION**

Plaintiff Lance Williams proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 5). Plaintiff filed his initial complaint on September 22, 2025, alleging a host of constitutional violations against numerous defendants. (ECF No. 1).

The Court screened the case on February 26, 2026, concluding that Plaintiff failed to state a cognizable claim, but granting him leave to amend. (ECF No. 6). Plaintiff filed an amended complaint on March 13, 2026, which is now before the Court for review. (ECF No. 7).

After reviewing the amended complaint, the Court will direct Plaintiff to show cause why this case should not be dismissed as barred by the applicable statute of limitations.

1

## II.    BACKGROUND

When Plaintiff filed this case on September 22, 2025, he provided a private address in Tarzana, California, thus showing that he was not incarcerated. Plaintiff also lists this address in his amended complaint filed on March 13, 2026. (ECF No. 7).

Plaintiff's amended complaint alleges a host of constitutional violations against numerous Defendants that span incidents beginning on May 23, 2021, and ending on July 17, 2021. (*Id.* at 5–11). Among other things, Plaintiff alleges that Defendants physically assaulted him, denied him medical care, and made comments that put him in danger of being attacked by other inmates.

In the exhaustion of administrative remedies section of the form, Plaintiff states that there was an appeal process available at his prison but answers "N/A" when asked if he used and completed this process. (*Id.* at 2).

## III.    LEGAL STANDARDS FOR STATUTE OF LIMITATIONS

A time-barred claim may be dismissed when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Dufour v. Allen*, No. 14-CV-05616-CAS(SSX), 2017 WL 373441, at *3 (C.D. Cal. Jan. 23, 2017) (noting that a district court may *sua sponte* dismiss a complaint based on the statute of limitations when the time-bar is apparent on the face of the complaint). However, "[a] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation and quotation marks omitted).

"State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Id.* And a § 1983 action commences with the filing of a complaint. *Id.*

California's two-year statute of limitations for personal injury actions, which requires that the claim be filed within two years, applies to 42 U.S.C. § 1983 claims. Cal. Code Civ. Proc. § 335.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting that § 335.1 applies to § 1983 claims). Additionally, California law provides for a maximum of two years of statutory tolling for prisoners serving less than a life sentence.

If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (citation and quotation marks omitted).

Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: "It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding."

*McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101 (2008) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

## IV.   ANALYSIS

Here, the allegations in the complaint span May 23, 2021, to July 19, 2021, which would be the accrual dates for the claims. (ECF No. 7, pp. 5-10). Taking the latest accrual date—July 19, 2021—adding two years for the statute of limitations under Cal. Code Civ. Proc., § 335.1, plus two additional years for tolling under Cal. Code Civ. Proc., § 352.1(a)[1] for time Plaintiff may have been incarcerated, is four years total, *i.e.*, July 2025. Thus, at the very latest, it appears that the statute of limitations ran in July 2025, which is before Plaintiff filed this lawsuit in September 2025.

Further, because the amended complaint indicates that Plaintiff did not file any administrative grievances relating to his factual allegations, he would not be entitled to tolling while exhausting his administrative remedies. (ECF No. 7, p. 2).

In short, it appears that this case was filed after the applicable statute of limitations for

---

[1] The Court need not decide this issue now, but it appears that Plaintiff was not incarcerated in December 2024. Thus it is possible that any tolling under § 352.1(a) would have ended by December 2024 when Plaintiff was released from incarceration. *See Williams v. Nocha, et al.*, 1:24-cv-1506-JLT-CDB (ECF No. 1).

Plaintiff's § 1983 claims.

## V.   ORDER

For the reasons given above, IT IS ORDERED as follows:

1. By no later than June 5, 2026, Plaintiff shall file a written statement showing cause why this case should not be dismissed for failure to timely file a complaint under the applicable statute of limitations.

2. Failure to comply with this order may result in sanctions, including the dismissal of this case.

IT IS SO ORDERED.

Dated:   **May 7, 2026**                    /s/ *Erin P. Grom*

UNITED STATES MAGISTRATE JUDGE