UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | Case No. 1:25-cv-1248-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED |
| v. | |
| CORCORAN STATE PRISON, et al. | (ECF No. 12). |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |
| | ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION |

Plaintiff Lance Williams proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 and 2). Plaintiff filed his Complaint on September 22, 2025. (ECF No.1 at 4 and 22). On February 26, 2026, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims, in part because it consisted of a long chronological narrative of events that did not make clear what legal claim was being asserted against each defendant or what facts supported each claim. (ECF No. 6). The Court provided Plaintiff with leave to file a first amended complaint or to notify the Court that he wants to stand on his initial complaint. (*Id.*).

Plaintiff filed a first amended complaint on March 13, 2026, which is before the Court for

1

screening. (ECF No. 7). Plaintiff first amended complaint names 11 defendants and 6 Doe defendants.  It concerns different incidents dated from May 23, 2021 through June 4, 2021 that took place at Corcoran State Prison.

On May 7, 2026, the Court issued an Order to Show Cause as to why this case should not be dismissed as his claims were barred by the statute of limitations. (ECF No. 8). Plaintiff filed a response to the order to show cause on May 20, 2026. (ECF No. 9).

Plaintiff's first amended complaint is now before the Court for screening. Upon review, the Court will recommend that Plaintiff's first amended complaint be dismissed.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 2). The Court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

## II.    BACKGROUND

### a.    Plaintiff's Initial Complaint and Screening Order

On September 22, 2025, Plaintiff filed a Complaint naming nineteen (19) defendants including the California Department of Corrections and Rehabilitation ("CDCR"), Correctional Officer Sergent D. Childress; Correctional Officers Nunez, H. Flores, Z. Mardcastle, Jaime, Thierry, S. Diaz, Rios. A. Rocha, and Borden; an inmate Tenner; and John Does 1-6. (ECF No. 1 at 3-4). Plaintiff was an inmate at Corcoran State Prison ("CSP") in Corcoran, California during the time of the allegations.

On February 26, 2026, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 6).  In part, the Court found that Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8 because it did not contain a short and plain statement of the claim showing that he is entitled to relief.  The Court explained that "Plaintiff's complaint does not state which facts establish which claims. Instead, it consists largely of a chronological narrative of events, unconnected to any statement of claim. For this reason, the Court cannot determine what facts support what claim."  (ECF No. 6, at p. 6).  The Court also explained that Plaintiff's complaint violated Federal Rules 18 and 20 because it

asserted several unrelated claims against different defendants.  (ECF No. 6, at p. 7).

The Court provided Plaintiff with leave to file a first amended complaint or to notify the Court that he wants to stand on his initial complaint. (*Id.*). Plaintiff filed a first amended complaint on March 13, 2026. (ECF No. 7).

### b.  Plaintiff's First Amended Complaint

Plaintiff filed a first amended complaint on March 13, 2026. (ECF No. 7). In the amended complaint, Plaintiff names as defendants: D. Childress, Z. Hardcastle, Nunez, Thierry, Borden, J. Peterson, S. Diaz, Jaime, Rios, A. Rocha, J. Pederson, and John Does 1-6.  Plaintiff identifies these defendants as "low level correctional officers."  (*Id.* at 3-4). Plaintiff states the incidents occurred at Corcoran State Prison. (*Id.*).

The first amended complaint consists of a chronological narrative of events taking place between May 23, 2021, and ending on July 17, 2021. (ECF No. 7 at 5–11). For example, it begins by describing  "On 5-23-2021 plaintiff had just got to this yard and went to yard recreation around 9 AM and was called out by defendant SGT. D. Childdress for wearing gloves that plaintiff had to prevent spread of contracting of Covid-19, when plaintiff was approached by defendant Childress and defendant low grade officer Hardcastle and John Does 1-3, and female officer Jaime, defendant Childress told plaintiff give him the gloves and plaintiff replies, 'don't be pushing up on me like some gang and there's no cleaning supplies for bars (workout equipment) . . . '"  The first amended complaint continues in that fashion for several pages, describing conversations and interactions with various correctional officers.  The interactions include correctional officers handcuffing Plaintiff and "trying to make plaintiff submissive," subjecting Plaintiff to a strip search "for no reason," moving Plaintiff into another cell with a "booty bandit," chasing Plaintiff after he escaped from the "boody bandit," and falsifying allegations against Plaintiff, among other things.[1]  Plaintiff alleges throughout the remainder of June 2021 and July 2021 he suffered other attacks from inmates. (*Id.* at 9-10).

Although Plaintiff's first amended complaint is divided into two sections, labelled "Claim

---

[1] Plaintiff's first amended complaint often includes graphic descriptions of his genitals.  For example, he states that during a strip search "defendant Jaime began snatching plaintiffs shorts off leaning his face into plaintiffs wood . . . ."  (ECF No. 7, at p. 5).  In another incident, Plaintiff describes in detail how defendant Thierry accused Plaintiff of showing his penis.  Plaintiff also alleges that correctional officers falsely accused him of having an IEX (indecent exposure charge) in his file.

3

1" and "Claim 2," Plaintiff does not identify what claim is being asserted in each claim.  The section of the first complaint regarding what "civil right has been violated," has been left blank.

### c.  Court's Order to Show Cause

On May 7, 2026, the Court issued an Order to Show Cause as to why Plaintiff's case should not be dismissed as barred by the Statute of Limitations. (ECF No. 8).  In the order, the Court stated the following:

> Here, the allegations in the complaint span May 23, 2021, to July 19, 2021, which would be the accrual dates for the claims. (ECF No. 7, pp. 5-10). Taking the latest accrual date—July 19, 2021—adding two years for the statute of limitations under Cal. Code Civ. Proc., § 335.1, plus two additional years for tolling under Cal. Code Civ. Proc., § 352.1(a)[2] for time Plaintiff may have been incarcerated, is four years total, *i.e.*, July 2025. Thus, at the very latest, it appears that the statute of limitations ran in July 2025, which is before Plaintiff filed this lawsuit in September 2025.
>
> Further, because the amended complaint indicates that Plaintiff did not file any administrative grievances relating to his factual allegations, he would not be entitled to tolling while exhausting his administrative remedies. (ECF No. 7, p. 2).

(ECF No. 8 at 3).  It noted that Plaintiff's first amended complaint indicated that an inmate appeal or administrative remedy process was available, but when asked if Plaintiff had filed an appeal or grievance concerning the facts in the first amended complaint, Plaintiff wrote "N/A?". (*Id.* at 2).

On May 20, 2026, Plaintiff filed a response. (ECF No 9.) In his response, Plaintiff indicates he was released in June 2024 and had "many grievances filed on the multiple of issues within the complaint plaintiff would need to initiate discovery to present those documents because plaintiff is no longer in prison or has access to those initial files." (*Id.* at 1).

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

#### a.  Section 1983
The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

---

[2] The Court also noted that "it appears that Plaintiff was not incarcerated in December 2024. Thus it is possible that any tolling under § 352.1(a) would have ended by December 2024 when Plaintiff was released from incarceration. *See Williams v. Nocha, et al.*, 1:24-cv-1506-JLT-CDB (ECF No. 1).

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); see also *Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. at 743-44. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981); see also *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### b. **Lack of Short and Plain Statement**

Plaintiff's first complaint is subject to dismissal because it lacks a short and plain statement of the claim, as required by Rule 8 of the Federal Rules of Civil Procedure.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, a complaint violates Rule 8 when it is written in a "shotgun" manner, which occurs when:

> A party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024). There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint;
>
> (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and
>
> (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

35A C.J.S. *Fed. Civ. Proc.* § 310 (2025); *see also* 61A Am. Jur. 2d *Pleading* § 159 (2025) (discussing the "four rough types or categories of shotgun pleadings").

The Ninth Circuit has recently explained that "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply

facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland* 165 F.4th 1265, 1289 (9th Cir. 2026).

With these legal standards in mind, Plaintiff's first complaint is a "shotgun" pleading that does not contain a short and plain statement of Plaintiff's claims, as required by Rule 8. Plaintiff's first amended complaint is a long chronological narrative of events spanning several incidents over several months. The facts are not separated in any way into legal claims or defendants. The chronological narrative is divided into two sections labelled "claim 1" and "claim 2" without further description. Although Plaintiff uses legal terms within the narrative description, such as deliberate indifference to medical needs, retaliation, and excessive force, Plaintiff does not identify what facts relate to each claim. Moreover, Plaintiff asserts both claims against all defendants without specifying which defendant is being accused of what specific legal claim.

For this reason, Plaintiff's first amended complaint does not satisfy Rule 8's requirement of a short and plain statement and is subject to dismissal. *See Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026) ("permitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8. Shotgun pleading undermines a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief"); *McHenry v. Renne,* 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Schmidt v. Herrmann,* 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

### c. **RULES 18 AND 20**

Plaintiff's first amended complaint also violates Federal Rules of Civil Procedure 18 and 20 because it asserts several unrelated claims against different defendants.

A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against

different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).

Under Federal Rule of Civil Procedure 20(a)(2), multiple parties may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff may not bring unrelated claims against unrelated parties in a single action. *K'napp v. California Dep't of Corrections,* No. 1:12-CV-01895-LJO, 2013 WL 5817765, at *2 (E.D. Cal. Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dep't of Corr. & Rehab.,* 599 F. App'x 791 (9th Cir. 2015) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement[] refers to similarity in the factual background of a claim.").

"Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party." *Washington v. Fresno County Sheriff*, 2014 WL 641137, at *2 (E.D. Cal., Feb. 18, 2014); *Miller v. Kernan*, 2017 WL 590259, at *3 (E.D. Cal., Feb. 14, 2017) (same); *Williams v. Madera Police Dep't*, 2012 WL 3068944, at *3 (E.D. Cal., July 26, 2012) ("Plaintiffs will not be permitted to proceed with a "mishmash of a complaint.'").

Plaintiff's factual allegations involve many unrelated events at different times and places, spanning a period of at least three months. The first amended complaint asserts claims against numerous defendants based on several unrelated incidents. For example, Plaintiff alleges excessive force due to various cuffing incidents, retaliation in various forms such as cell relocation and cell placement; failure to protect Plaintiff from sexual assaults committed by

8

inmates, conspiracy amongst many Defendants; and "racial hate discrimination" for racial slurs that are used against him.

Plaintiff's complaint thus fails to comply with Rule 18 and 20.

### d. Statute of Limitations

Plaintiff's first amended complaint is also subject to dismissal for being filed outside the statute of limitations.

A time-barred claim may be dismissed when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Dufour v. Allen*, No. 14-CV-05616-CAS(SSX), 2017 WL 373441, at *3 (C.D. Cal. Jan. 23, 2017) (noting that a district court may *sua sponte* dismiss a complaint based on the statute of limitations when the time-bar is apparent on the face of the complaint).

"State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Id.* And a § 1983 action commences with the filing of a complaint. *Id.*

California's two-year statute of limitations for personal injury actions, which requires that the claim be filed within two years, applies to 42 U.S.C. § 1983 claims. Cal. Code Civ. Proc. § 335.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting that § 335.1 applies to § 1983 claims). Additionally, California law provides for a maximum of two years of statutory tolling for prisoners serving less than a life sentence.

> If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (citation and quotation marks omitted).

> Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: "It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a

> prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding."

*McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101 (2008) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Plaintiff's allegations in the first amended complaint span from May 23, 2021, to July 19, 2021. Taking the latest last date mentioned in the complaint, July 19, 2021, and adding two years for the statute of limitations under Cal. Code Civ. Proc., § 335.1, plus two additional years for tolling under Cal. Code Civ. Proc., § 352.1(a) for time Plaintiff may have been incarcerated,[3] is four years total, *i.e.*, July 2025. Thus, at the very latest, it appears that the statute of limitations ran in July 2025, which is before Plaintiff filed this lawsuit in September 2025.

In response to the Order to Show Cause, Plaintiff states that "plaintiff had many grievances filed on the multitude of issues within the complaint plaintiff would need to initiate discovery to present these documents because plaintiff is no longer in prison." (ECF No. 9). However, Plaintiff's response does not identify any specific grievances or the issues that they concerned. Further, Plaintiff's first amended complaint signed under penalty of perjury indicates "N/A" in response to the question "Have you filed an appeal or grievance concerning ALL the facts contained in this complaint," and also to the question "Is the process completed." (ECF No. 7, at p. 2). Thus, according to the First Amended Complaint, Plaintiff would not be entitled to any additional tolling due to exhaustion of administrative remedies. (ECF No. 7, p. 2).

In conclusion, Plaintiff's first amended complaint is also subject to dismissal because it was filed after the application statute of limitations.

## IV.    CONCLUSION AND RECOMMENDATIONS

For these reasons, the Court recommends that this action be dismissed. Moreover, the Court screened Plaintiff's original complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint. Thus, it appears that further leave to amend would be futile. Moreover, it appears that Plaintiff's claims are barred by the statute of

---

[3] Plaintiff may not be entitled to this entire tolling period to the extent he was released from prison before the 2 year period expired.

limitations.

Accordingly, the Clerk of Court is directed to assign a district judge to this action.

Additionally, IT IS RECOMMENDED that:

1.  This case be dismissed, without prejudice and without leave to amend; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 29, 2026**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE